UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SVEN J. SOHOLT,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

CASE NO. 10-cv-5937-RBL-JRC

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S COMPLAINT

NOTED: November 25, 2011

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (see ECF Nos. 11, 12, 13).

The Administrative Law Judge did not evaluate properly the medical evidence provided by examining doctors Cosgrove and Phillips. Therefore, the undersigned

recommends that this matter be reversed and remanded to the Administration for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, SVEN J. SOHOLT, was born in 1983 and was 21 years old on his alleged onset date of January 15, 2005 (Tr. 98). He graduated from high school and completed one year of college (Tr. 115). Plaintiff has work experience as a combat engineer, pipe layer and shop hand (Tr. 110). After being ambushed while serving in the military in Iraq, he alleged flashbacks, nausea, difficulty interacting with people, and difficulty concentrating (Tr. 40-41, 43-44, 48). In addition, plaintiff alleged that after being hit by a truck in Iraq, he suffered from low back pain affecting his ability to sit and stand for long periods of time (Tr. 49).

## PROCEDURAL HISTORY

On September 16, 2005, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability since January 15, 2005 due to lower back problems, hearing loss and posttraumatic stress disorder (Tr. 19, 98, 105, 109). Plaintiff's application was denied initially and following reconsideration (Tr. 64-68, 73-75). His requested hearing was held on August 29, 2008 before Administrative Law Judge Verrell Dethloff ("the ALJ") (Tr. 34-63). On December 12, 2008, the ALJ issued a written decision in which he found that plaintiff was not disabled (Tr. 16-33).

On November 3, 2010, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial

review (Tr. 1-5). See 20 C.F.R. § 404.981. On December, 22, 2010, plaintiff filed a complaint seeking judicial review of the ALJ's written decision (see ECF No. 1).

Plaintiff contends that the ALJ erred in his evaluation of the medical evidence, failed to evaluate properly plaintiff's disability rating from the Department of Veterans Affairs, and improperly failed to obtain vocational expert testimony (see Opening Brief, ECF No. 11, pp. 1-2).

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir.

1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of SSA, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing* SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (other citation omitted)); see also Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion. Stout, supra 454 F.3d at 1054-55 (reviewing legal errors found to be harmless).

DISCUSSION

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (*citing* Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, supra, 81 F.3d at 830-31 (*citing* Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). In addition, the ALJ must explain why his own interpretations, rather than those of the doctors, are correct. Reddick, supra, 157 F.3d at 725 (*citing* Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)). However, the ALJ "need not discuss *all* evidence presented." Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). The ALJ must only explain why "significant probative evidence has been rejected." Id. (*quoting* Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981)).

An examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." Lester, supra, 81 F.3d at 830 (citations omitted); see also 20 C.F.R. § 404.1527(d). "In order to discount the opinion of an examining physician in favor of the opinion of a non-examining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." Van Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831). The ALJ "may reject the opinion of a non-examining physician by reference to specific

evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing* Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996); Andrews, supra, 53 F.3d at 1041).

According to Social Security Ruling ("SSR") 96-8p, a residual functional assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5 at *20.

1. The ALJ erred when reviewing the medical evidence.

    a. Examining Psychiatrist Dr. Lisa M. Cosgrove, D.O. ("Dr. Cosgrove")

Dr. Cosgrove examined plaintiff on December 9, 2005 (see Tr. 277-83). She reviewed some of plaintiff's medical record (Tr. 277-79) and performed a mental status examination (Tr. 280-81). For example, Dr. Cosgrove assessed that plaintiff was occasionally responding impulsively, and on concentration tasks "made little effort" (Tr. 281). She assessed that he performed serial 3s "rapidly and impulsively and made errors" (id.). Dr. Cosgrove diagnosed plaintiff with posttraumatic stress disorder, depressed type, chronic, mild to moderate by history; and, major depression chronic recurrent, moderate, in partial remission (Tr. 282). She assessed that plaintiff suffered from "moderate to severe psychiatric symptoms affecting employability" (id.). Dr. Cosgrove assessed plaintiff's Global Assessment of Functioning ("GAF") at that time at 48-50 (id.). Although noting that plaintiff had worked for his father and appeared to have "done quite well," Dr. Cosgrove concluded that given plaintiff's "neurovegetative symptoms of depression primarily, his ability to tolerate socializing, getting along well with others as

in coworkers in the workplace and supervisors especially, would be considered impaired and likely would cause him termination" (Tr. 282-82).

In his written opinion, the ALJ did not fully credit, and gave "only some weight", to Dr. Cosgrove's opinions (see Tr. 27). He simply stated, "The overall record, as well as evidence received at the hearing level, show that the claimant is less limited than determined by Dr. Cosgrove." (id.). Nothing more.

An ALJ can only reject the opinions by an examining medical source such as Dr. Cosgrove by providing "specific and legitimate reasons that are supported by substantial evidence in the record." See Lester, supra, 81 F.3d at 830-31. This Court cannot conclude that the ALJ's reasons are not specific or legitimate, nor are they supported by substantial evidence in the record because the ALJ did not indicate what evidence in the record he relied on for this determination. Therefore, the Court concludes that the ALJ committed legal error in his assessment of Dr. Cosgrove's opinion. See id.

    b. Examining Physician Dr. Gregory Phillips, M.D. ("Dr. Phillips")

Dr. Phillips examined plaintiff on December 10, 2005 (Tr. 284-89). He reviewed at least some of plaintiff's medical records (see Tr. 284). Dr. Phillips conducted a thorough physical examination (see Tr. 286-88). As part of his examination, he noted his general observations that plaintiff was in no apparent distress, but seemed anxious (see Tr. 287). Dr. Phillips indicated his objective observations that plaintiff's straight leg raising was positive on the left side, that his slump test was positive on the left side and that plaintiff had "difficulty performing a toe raise on the left" (id.). He observed that plaintiff had reduced strength globally "in his left lower extremity at the hip flexors, hip

extensors, hip adbuctors, knee flexors, knee extensors, dorsiflexors and plantar flexors" (Tr. 287-88). He also observed that plaintiff had "decreased sensation in the left L5-S1 dermatome" (Tr. 288).

Dr. Phillips also noted the following objective observations: Plaintiff "did move his chair approximately 4-5 feet away from me and asked if he could do so. He was somewhat anxious being in a closed space and when he arrived he did not want to sit in the front room with other people instead stood outside" (Tr. 287). Dr. Phillips diagnosed posttraumatic stress disorder and mechanical low back pain with a likely left sided L5-S1 radiculopathy (Tr. 288).

Dr. Phillips assessed multiple specific functional limitations on plaintiff's physical ability to work in an eight-hour workday (Tr. 288-89). For example, he opined that plaintiff would not be expected to be able to stand for more than thirty minutes without interruption and also would need "breaks every half hour" from sitting (Tr. 288). Dr. Phillips also opined that plaintiff could only stoop and crouch "occasionally" (id.).

In addition, Dr. Phillips assessed multiple specific functional limitations on plaintiff's mental ability to work (see Tr. 289). He concluded as follows:

> The claimant has relevant communicative limitation in that he has posttraumatic stress disorder and does not like crowds nor does he like to be in stressful situations . . . He has workplace limitation in regards to posttraumatic stress disorder. He should not work in a stressful environment nor should he work in an environment where he is required to perform productive work. He should also not be allowed to work around crowds or in crowds.

(Tr. 289).

i. Mental Impairments

The ALJ explicitly indicated that he did not consider Dr. Phillips's opinions regarding plaintiff's functional limitations resulting from mental impairments when determining plaintiff's residual functional capacity because the ALJ concluded that these opinions were "outside Dr. Phillips' area of expertise" (Tr. 27).

According to the Ninth Circuit, however, evidence from a general practitioner regarding mental impairments is "medically acceptable." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). The Ninth Circuit noted that "it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of American's psychiatric disorders.'" Id. (*citing* C. Tracy Orleans, Ph.D., Linda K. George, Ph.D., Jeffrey L. Houpt, M.D., and H. Keith H. Bordie, M.D., *How Primary Care Physicians treat Psychiatric Disorders: A National Survey of Family Practitioners*, 142: 1 Am. J. Psychiatry 52 (Jan. 1985)). In Sprague, the Ninth Circuit concluded that if "the Magistrate's conclusion that there was no psychiatric evidence is based on an assumption that such evidence must be offered by a Board-certified psychiatrist, it is clearly erroneous," and remanded for a direction for payment of benefits. Sprague, supra, 812 F.2d at 1232.

A physician's area of expertise is relevant to the determination of how much weight the physician's opinion should be given; however, declining to consider a general physician's opinions regarding mental limitations on the basis that they are outside the

physician's area of expertise is not a legitimate reason by itself to fail to consider the opinion entirely. See 20 C.F.R. § 404.1527(d)(5); Sprague, supra, 812 F.2d at 1232.

### ii. Physical Impairments

The ALJ concluded that plaintiff had the physical residual functional capacity ("RFC") to perform the full range of medium work (see Tr. 25). Therefore, the ALJ's assessed RFC conflicts with the opinions of Dr. Phillips (see Tr. 25, 288-89). The ALJ gave a specific reason to discount Dr. Phillips' opinion regarding plaintiff's ability to lift, however, the ALJ gave no reason in support of his failure to adopt Dr. Phillips' opinions regarding plaintiff's ability to sit, stand and walk only with breaks every thirty minutes, nor did the ALJ give any reason to decline to adopt Dr. Phillips' opinion that plaintiff was limited to stooping and crouching only "occasionally" (see Tr. 27).

According to Social Security Ruling ("SSR") 96-8p, a residual functional assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5 at *20. Because the ALJ here did not explain why he did not adopt the aforementioned opinions of Dr. Phillips regarding plaintiff's functional ability to sit, stand or walk without breaks every thirty minutes and his opinion regarding plaintiff's limitations on stooping and crouching only occasionally, the ALJ did not comply with SSR 96-8p. See id.

For the reasons discussed and based on the relevant record, the Court concludes that the ALJ did not evaluate properly the opinion of Dr. Phillips. Based on the relevant record and based on the improper review of the opinions of Dr. Cosgrove and Dr.

Phillips, the Court also concludes that this matter should be reversed and remanded to the Administration for a proper review of the medical evidence and the record as a whole.

  c. <u>Non-examining State agency psychologists and consultants</u>

On January 15, 2006, Ms. Shelly Alonso ("Ms. Alonso") reviewed plaintiff's file and provided a physical residual functional capacity assessment of plaintiff's limitations (<u>see</u> Tr. 290-97). This assessment was affirmed by Dr. Robert G. Hoskins, M.D. on June 6, 2006 (<u>see</u> Tr. 321). On January 20, 2006, Dr. Thomas Clifford, Ph.D. reviewed plaintiff's file and provided a mental residual functional capacity assessment of plaintiff's limitations (<u>see</u> Tr. 301-18). This assessment was affirmed by Dr. Michael Regets, Ph.D. on June 7, 2006 (<u>see</u> Tr. 322).

The ALJ referenced the assessment by Ms. Alonso in his written decision (<u>see</u> Tr. 28-29). The ALJ also discussed opinions by state agency medical consultants in general (<u>id.</u>). The ALJ then gave "some weight" to determinations of the state agency medical consultants, implying that this weight was given to all of the determination of the four non-examining medical consultants as a group (<u>see</u> Tr. 29). Finally, the ALJ found that plaintiff was less limited than as determined by all of these medical consultants "based upon the evidence discussed above" (<u>id.</u>).

The Court is unable to determine whether or not the ALJ's review of the non-examining state agency medical consultants was proper as the ALJ failed to distinguish between them and because the ALJ generally referenced "evidence discussed above" in support of his determination to find plaintiff less limited than as determined by all of the state agency medical consultants. For these reasons and because the Court already has

determined that this matter should be remanded to the Administration for further consideration of the medical evidence, the Court concludes that the Administrative Law Judge assigned to this matter following remand should assess these opinions anew and should discuss with greater specificity the weight given to these opinions or any failure to adopt them.

2. <u>The 100% disability determination by the Department of Veterans Affairs ("VA") should be reassessed following remand of this matter</u>.

Although "an ALJ must ordinarily give great weight to a VA determination of disability . . . because of the marked similarity between these two federal disability programs, the ALJ here did not give much weight to the VA 100% disability rating (<u>see</u> Tr. 27-28). <u>See</u> <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076 (9th Cir. 2002) (citations omitted) (noting various similarities between the programs).

The Court already has concluded that this matter should be remanded for a proper review of the medical evidence, <u>see</u> <u>supra</u>, section 1. Therefore, the Administrative Law Judge assigned to this matter following remand may choose to assess the 100% disability rating by the VA differently following a proper review of the medical evidence. For this reason, the Court concludes that the VA 100% disability rating should be evaluated anew following remand.

3. <u>The ALJ should reassess anew whether or not vocational expert testimony is necessary following remand of this matter</u>.

As indicated above, <u>see</u> <u>supra</u>, section 1, the Administrative Law Judge assigned to this matter following remand should evaluate anew the medical evidence. Therefore,

the Administrative Law Judge assigned to this matter following remand must determine anew plaintiff's residual functional capacity ("RFC") based on a proper review of the medical evidence and the record as a whole. Whether or not vocational expert testimony is required must be determined on the basis of plaintiff's RFC as determined on remand, if Steps Four and Five of the sequential disability evaluation process are reached. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999); see also 20 C.F.R. § 404.1560(b), (c); Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, App. 2 ("the Grids"). Therefore, the Administrative Law Judge assigned to this matter following remand should assess anew whether or not vocational expert testimony is necessary following remand of this matter.

## CONCLUSION

The ALJ did not evaluate properly the medical evidence. Based on this reason and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** to the administration for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C).

Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 25, 2011, as noted in the caption.

Dated this 31st day of October, 2011.

J. Richard Creatura
United States Magistrate Judge